UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYDNEY E. BELFIELD, | Civil No. 10-3207 |
| Plaintiff, | OPINION |
| v. | HON. WILLIAM J. MARTINI |
| OFFICER PICHARDO I.D. # 4669, OFFICER MACOLINO I.D. # 4638, K-9 OFFICER JAMES DiPIAZZA, PATERSON POLICE DEPT. | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Presently before the Court are four motions for summary judgment filed by Defendants (1) Salvatore Macolino, (2) Eddy Pichardo, (3) James DiPiazza ("Officer Defendants"), and (4) the City of Paterson and the Paterson Police Department[1] ("Municipal Defendants"). All motions are unopposed. For the reasons that follow, summary judgment will be **DENIED** as to Officer Defendants, and **GRANTED** as to

---

[1]   Although Plaintiff's Complaint arguably lists "Paterson Police Dept." in the caption, no where in the body of the Complaint does Plaintiff make any further claims against either governmental entity. Nonetheless, Paterson Police Department was served and now moves for summary judgment for both itself and the City of Paterson. The City presumably joined in the motion because a police department is not treated as a separate and distinct entity from the municipality under 42 U.S.C. § 1983. *See, e.g., Bonenberger v. Plymouth Twp.*, 132 F. 3d 20, 25 n. 4 (3d Cir. 1997).

Municipal Defendants.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff *pro se* James E. Belfield alleges that during his April 10, 2010 arrest, after he was already handcuffed and subdued, Paterson Police Officers Macolino, Pichardo, and DiPiazza beat him and unleashed a police K-9 on him.  The undisputed facts are as follows:  On April 10, at approximately 2:00 a.m., Officer Defendants arrested Plaintiff while he was in a vacant house in Paterson, New Jersey.  In the course of the arrest, a police dog bit Plaintiff in the leg several times.  Thereafter, Plaintiff was immediately transported to the emergency room and treated for puncture wounds to the leg.  On December 17, 2010, Plaintiff pled guilty in New Jersey Superior Court to third-degree burglary and fourth-degree drug possession.  In the course of that plea, he admitted that on the day of his arrest, he "ran away from the police" because he illegally possessed 16 pills of busiprone, and illegally entered an abandoned house to evade arrest.

What is disputed, however, are the circumstances surrounding Plaintiff's arrest. According to Defendants, after Officer Macolino observed Plaintiff make a drug sale, he ordered Plaintiff to stop.  Plaintiff ignored those commands, and instead fled into a dark, vacant property.  Defendants eventually located Plaintiff hiding in a closet on the third floor.  After Plaintiff refused to cooperate with their commands to come out of the closet, the police K-9 was set on him.  After the K-9 ceased biting Plaintiff, he continued to resist arrest, and the officers had to use further force to subdue him.

2

Plaintiff's version of his arrest differs significantly.[2] Plaintiff claims that he was in the abandoned building to get high, and that once he knew police officers were inside the property, he sat quietly hoping they would not find him. However, once the police located him, he complied fully with their commands, and did not resist arrest. Plaintiff claims that after he was handcuffed, Officer Pichardo repeatedly hit him in the head with a flashlight and Officer Macolino repeatedly hit him in the back with a walkie-talkie until Plaintiff lay prone on the floor, at which point Officer DiPiazza ordered the police dog to attack Plaintiff for between three and five minutes. Thereafter, Officer Pichardo dragged Plaintiff by the collar, head first, down three flights of stairs.

In addition to the documented puncture wounds from the dog bite, Plaintiff claims to have suffered an abrasion over his left eye as a result of the beating. That claim cannot be verified at this time, because no party has supplied the Court with a copy of the hospital report or the photos of Plaintiff's injuries taken after his arrest and referenced in the police reports. Although discovery is over, the evidentiary support provided by Defendants in support of their respective summary judgment motions is scant. Collectively, it consists of several police reports, Plaintiff's deposition testimony, Plaintiff's responses to Defendant Pichardo's interrogatories, and the transcript of Plaintiff's December 17, 2010 criminal plea.

---

[2] Plaintiff has not provided opposition to any of the summary judgment motions. His version of events is gathered from his answer to interrogatories and his deposition testimony on August 3, 2011.

## II.   LEGAL ANALYSIS

### a.   Unopposed Summary Judgment Standard

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). In determining whether summary judgment is proper, the Court must consider all facts and their reasonable inferences in the light most favorable to Plaintiff, the non-moving party. Moreover, Plaintiff's failure to respond to the motions does not automatically mean summary judgment is proper. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990); *see also, Salaam v. Merlin*, 2010 WL 2545951, *6 (D.N.J. 2010) (denying unopposed summary judgment motion as to plaintiff's excessive force claim on the basis of testimony provided in his deposition); *and Melvin v. Astbury*, 2008 WL 5416384, *6 n. 3 (D.N.J. 2008) (denying summary judgment on excessive force claim where evidence relied on by defendant was self-prepared police reports).

### b.   42 U.S.C. § 1983 and Qualified Immunity

In general, police officers may be liable under 42 U.S.C. § 1983 for their on-duty actions which violate rights secured by the Constitution or the laws of the United States, unless those acts are shielded by qualified immunity. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). In determining if qualified immunity is appropriately used to shield Officer Defendants from § 1983 liability in this matter, the Court must consider: (1) whether

4

Plaintiff has alleged a violation of a constitutional right and, (2) whether that right that was already clearly established at the time of Plaintiff's arrest. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Summary judgment for Officer Defendants based on qualified immunity will be proper only if the record fails to suggest their conduct violated a clearly established constitutional right. *Id*.

### i. Viewing the Record in the Light Most Favorable to Plaintiff, Officer Defendants' Actions Deprived Plaintiff of a Constitutional Right

The Fourth Amendment prohibits police officers from using excessive force to arrest a suspect. *See Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999). To determine if the force used was excessive, the Court applies the "perspective of a reasonable officer on the scene." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The Court recognizes that "[n]ot every push or shove . . . violates the Fourth Amendment." *Id.* However, while the record includes police reports suggesting Plaintiff disobeyed the officers and resisted being handcuffed, there is also evidence suggesting Plaintiff cooperated during his arrest.

At his deposition, Plaintiff testified that after Officer Defendants handcuffed and subdued him, they beat him and unleashed a police K-9 to bite him. Taking that testimony as true, during the beating Plaintiff posed no threat to the police officers and there was no risk of his flight. Furthermore, it is undisputed Plaintiff went to the hospital to be treated for puncture wounds incurred during his arrest. Viewing the record in the light most favorable to Plaintiff, the Court finds that a reasonable jury could conclude Officer Defendants used excessive force that served no legitimate law enforcement

purpose and violated Plaintiff's Fourth Amendment rights. *See*, *e.g.*, *Hurt v. City of Atlantic City*, 2010 WL 703193, at *8 (D.N.J. Feb. 24, 2010) (denying summary judgment because "it is for the jury to determine whether [defendant police officers] physically assaulted Plaintiff after he was handcuffed and subdued on the ground."); *and Barker v. Keezer*, 2010 WL 2760728, at *1, 3 (D.N.J. July 8, 2010) (denying summary judgment where plaintiff's sworn affidavit stated detective beat him and repeatedly slammed his head into the pavement after he was handcuffed and on the ground); *see also*, *Porter v. Dooley*, 2011 WL 4007690, at *4-5 (D.N.J. Sept. 6, 2011) (denying summary judgment on excessive force claim where record failed to relay extent of plaintiff's injuries or provide medical records from plaintiff's overnight stay at the hospital after being bit in the leg by a police K–9).

### ii. Plaintiff's Right to be Free from Excessive Force During Arrest was Clearly Established in 2010

Even if Officer Defendants clearly used excessive force to arrest Plaintiff, summary judgment on the basis of their qualified immunity would still be appropriate if Plaintiff's constitutional right to be free from such an arrest was not "clearly established" at the time of his arrest. *Saucier v. Katz*, 533 U.S. 194 at 202 (2001). However, at the time of Plaintiff's arrest in 2010, it was well-established that beating a subdued arrestee was a constitutional violation. *See, e.g., Hurt v. Atlantic City*, at *8 (a reasonable officer in 2006 would know that a six minute beating was excessive and unconstitutional after plaintiff no long posed a flight or safety risk); *Giles v. Kearney*, 571 F.3d 318, 326 (3d

Cir. 2009) (in 2001, it was established that an officer may not use gratuitous force against a subdued inmate).

In sum, on the record before the Court, there are material disputed facts as to whether the Officer Defendants violated Plaintiff's clearly established Fourth Amendment rights to be free from the use of excessive force when being arrested. As such, Officer Defendants are not entitled to qualified immunity from Plaintiff's § 1983 claims at this time. Accordingly, Officer Defendants' motions for summary judgment will be **DENIED**.

**c.     Plaintiff Fails to Allege Liability as to Municipal Defendants**

In addition to the Officer Defendants, the City of Paterson and its Police Department also move for summary judgment. The Court notes that a local government may be subject to § 1983 liability where an official policy or custom causes constitutional deprivations. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). However, here, Plaintiff has neither alleged nor substantiated a plausible claim that a policy or custom of Municipal Defendants deprived Plaintiff of his constitutional rights, and thus municipal liability cannot lie under § 1983. *Dunne v. Twp. of Springfield*, 2011 WL 2269963, at *12 (D.N.J. Jan. 31, 2011); s*ee also Carrino v. Twp. of Weehawken*, 2009 WL 3068256, at *7 (D.N.J. Sept. 22, 2009 (granting summary judgment for municipality and its police department on plaintiff's excessive force claim where plaintiff failed to allege or present evidence demonstrating the existence of a particular official policy or

custom which resulted in deprivation of plaintiff's constitutional rights).  Accordingly, Municipal Defendants' motion for summary judgment will be **GRANTED**.

### III.   CONCLUSION

For the reasons stated above, Officer Defendants' Macolino, Pichardo, and DiPiazza's summary judgment motions are **DENIED**.  Defendant Paterson Police Department's motion for summary judgment is **GRANTED**.  An appropriate Order accompanies this Opinion.

s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 28, 2011**